[No. 31892-6-I.    Division One.    April 17, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. KEITH ALAN RATLIFF, *Appellant*.

*Matthew Miller,* for appellant.
*Roger S. Davidheiser,* for respondent.

PEKELIS, C.J. — Keith Ratliff (Ratliff) appeals his conviction for custodial assault. The jury was instructed on two alternative means of committing assault. Ratliff challenges his conviction on the ground that there was insufficient evidence to support his conviction under one of the alternative means. We affirm.

On July 28, 1992, Officers Michael Eriks (Eriks) and Robert B. Garraway (Garraway) were working as correctional officers at the King County Jail in Seattle. That evening, inmate Ratliff called Garraway on the intercom and asked when he would be released. Garraway told Ratliff that because of the number of releases that day, he would not be getting out until sometime that night.

As a result, Ratliff became irritated, and Garraway heard him say that he was going to flood his cell. Garraway called Eriks and asked him to turn off the water to Ratliff's cell. Eriks went to the cell block where Ratliff was housed in a cell by himself. To turn off the water, Eriks had to access the water controls, which were inside Ratliff's cell. The cell had a sliding door with a gap on the side approximately an inch wide. As Eriks bent down to open the door, he was doused on the side of the head with urine. From his station, Garraway observed the liquid being thrown from Ratliff's cell. Garraway also heard Ratliff say, "[D]id ya see that, I got the mother fucker with real piss."

The urine went into Eriks' eyes, ears, and mouth. He testified that he swallowed some of it. Eriks said that having an inmate's urine in his eyes and mouth made him fearful that he would contract an infectious disease, such as AIDS or hepatitis. It was only later that Eriks learned that urine is usually a sterile liquid that does not easily transmit communicable diseases.

After the close of testimony, the trial court instructed the jury that to find Ratliff guilty of custodial assault, the State must have proved beyond a reasonable doubt that Ratliff knowingly assaulted Eriks while he was performing his official duties in a correctional facility. The trial court also gave the following instruction:

> An assault is an intentional touching or striking of the person or body of another, regardless of whether any actual physical harm is done to the other person.
>
> An assault is also an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury even though the actor did not actually intend to inflict bodily injury.

The jury found Ratliff guilty of custodial assault. This timely appeal followed.

On appeal, Ratliff contends that there was insufficient evidence to support his conviction under one of the alternative definitions of assault submitted to the jury and hence reversal is required.

■■ When a jury is instructed on alternative means of committing the same crime, there must be sufficient evidence to support a conviction under each alternative. *State v. Kitchen*, 110 Wn.2d 403, 410, 756 P.2d 105 (1988). "The test for determining the sufficiency of the evidence is ' "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." ' " *State v. Taylor*, 74 Wn. App. 111, 122, 872 P.2d 53, *review denied*, 124 Wn.2d 1029 (1994).

■ The custodial assault statute does not provide a definition of assault. RCW 9A.36.100(1)(b). In criminal cases, the definition of "assault" is derived from common law. *State v. Bland*, 71 Wn. App. 345, 352, 860 P.2d 1046 (1993). The jury in this case was instructed that assault (1) is an intentional touching of another regardless of whether harm is done (actual battery), or (2) is an intentional act, with unlawful force, which creates a reasonable apprehension of serious bodily injury (common law assault). *See Bland*, at 353.

Ratliff contends that there was insufficient evidence to support his conviction under the common law assault instruction. He asserts that to uphold an assault conviction under this theory, the victim must have had a reasonable fear of bodily harm before the intentional act which constituted the assault occurred. He, therefore, argues that because there was no evidence that Officer Eriks feared that Ratliff would assault him *before* he was doused with the urine, his conviction cannot be upheld.

■ Ratliff relies on *Bland* for the proposition that a victim's fear after an assault occurs can never support a conviction for common law assault. Ratliff, however, misconstrues the holding in *Bland*. There, the defendant shot at an indi-

vidual in a car. The bullet entered the window of a nearby home, shattering glass on the occupant sleeping in his living room. The jury was instructed on three alternative means of committing assault, including the same common law assault instruction given in this case. *Bland*, at 349-52. We held that the conviction could not be upheld under the common law assault theory because there was no evidence that the victim "feared future injury *after* the bullet came through his window". *Bland*, at 355. We concluded that common law assault requires that the victim have a "fear about the *future*; a *pre*sentiment of danger". *Bland*, at 356.

Thus, *Bland* does not hold that the victim's fear of future harm necessarily must occur before the act which constitutes the assault. It only holds that there must be a reasonable factual basis to support the victim's fear of future harm. At best, the victim in *Bland* was upset because he realized he *could* have been harmed; there was no reason for him to believe that he would be harmed in the future.

Here, however, Eriks did have a fear of future bodily harm. The urine Ratliff threw at him entered his eyes, ears and mouth. Eriks testified that coming into such intimate contact with an inmate's bodily fluids made him fearful that he would contract an infectious disease, such as AIDS or hepatitis. Given present societal concerns of contracting disease from contact with bodily fluids, Eriks' fear was not unreasonable. As a result, we conclude that there was sufficient evidence to support Ratliff's conviction for assault under the common law assault instruction, and we affirm his conviction.

WEBSTER and BAKER, JJ., concur.

Review denied at 127 Wn.2d 1012 (1995).